UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

                                                  CASE NO. 2:11-CV-14936
              Plaintiff,       JUDGE BERNARD A. FRIEDMAN
                                                  MAGISTRATE JUDGE PAUL J. KOMIVES

v.

WAYNE COUNTY COMMUNITY
COLLEGE DISTRICT,

              Defendants,
_____/

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS COMPLAINT WITHOUT PREJUDICE (Doc. Ent. 11) and DEFENDANT'S MOTION TO PERMIT FILING OF A REPLY BRIEF (Doc. Ent. 19)**

**I.     RECOMMENDATION:** The Court should deem moot plaintiff's January 31, 2012 motion to voluntarily dismiss complaint without prejudice (Doc. Ent. 11) and grant defendant WCCCD's May 14, 2012 motion to permit filing of a reply brief (Doc. Ent. 19) to the extent it seeks recognition of the attached proposed reply (Doc. Ent. 19-1).

A separate report and recommendation will issue with respect to defendant WCCCD's December 5, 2011 motion for judgment on the pleadings (Doc. Ent. 6) and plaintiff's May 29, 2012 motion to amend complaint (Doc. Ent. 21).

**II.     REPORT:**

**A.     Background**

Plaintiff Latausha Simmons, via attorney John G. Makris, originally filed this lawsuit on October 26, 2011 in Wayne County Circuit Court against defendant Wayne County Community College District (WCCCD). Doc. Ent. 1-1 (Case No. 11-013069-CZ). Defendant WCCCD removed the case to this Court on November 9, 2011. Doc. Ent. 1.

On November 21, 2011, plaintiff informed the Court that attorney Makris's representation had been terminated. Doc. Ent. 5. On April 2, 2012, attorney Benjamin Whitfield, Jr., filed an appearance on behalf of plaintiff. Doc. Ent. 15.

**B.      Pending Motions**

Judge Friedman has referred this case to me to conduct pretrial matters. Doc. Ent. 7. On May 14, 2012, I conducted a status conference.

Currently before the Court are four (4) motions: defendant's December 5, 2011 motion for judgment on the pleadings (Doc. Ent. 6); plaintiff's pro se January 31, 2012 motion to voluntarily dismiss complaint without prejudice (Doc. Ent. 11); defendant WCCCD's May 14, 2012 motion to permit filing of a reply brief (Doc. Ent. 19); and plaintiff's May 29, 2012 motion to amend complaint (Doc. Ent. 21).

**C.      Fed. R. Civ. P. 41(a) ("Voluntary Dismissal.")**

Plaintiff's pro se motion to voluntarily dismiss complaint without prejudice is governed by Fed. R. Civ. P. 41(a), which provides:

> **(1) By the Plaintiff.**
>
> > (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> >
> > > (I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> > >
> > > (ii) a stipulation of dismissal signed by all parties who have appeared.
> >
> > (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including

>   the same claim, a notice of dismissal operates as an adjudication
>   on the merits.
>
>   **(2) By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may
>   be dismissed at the plaintiff's request only by court order, on terms that the court
>   considers proper. If a defendant has pleaded a counterclaim before being served
>   with the plaintiff's motion to dismiss, the action may be dismissed over the
>   defendant's objection only if the counterclaim can remain pending for
>   independent adjudication. Unless the order states otherwise, a dismissal under this
>   paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

Fed. R. Civ. P. 41(a)(1) does not apply to plaintiff's January 31, 2012 motion to voluntarily dismiss complaint without prejudice (Doc. Ent. 11), because defendant filed answers on November 11, 2011 (Doc. Ent. 2) and November 18, 2011 (Doc. Ent. 3). Fed. R. Civ. P. 41(a)(1)(A)(I). Furthermore, a signed stipulation of dismissal has not been filed. Fed. R. Civ. P. 41(a)(1)(A)(ii)).

Therefore, plaintiff's January 31, 2012 motion to voluntarily dismiss complaint without prejudice (Doc. Ent. 11) is governed by Fed. R. Civ. P. 41(a)(2).

**D.     Discussion**

**1.     Plaintiff's Motion**

In support of her January 31, 2012 pro se motion to voluntarily dismiss her complaint without prejudice (Doc. Ent. 11), plaintiff asserts that (1) she "seeks to exhaust internal administrative remedies with [d]efendant [WCCCD] to resolve complaint[,]" (2) "[a] Grade Appeal Committee Meeting has been scheduled for February 3, 2012 at [10:00 a.m.], as [a] part of the College's internal administrative remedy procedures[;]" and (3) "[c]oncurrence was sought from Defendant in the relief requested in this motion, but could not be obtained." Doc. Ent. 11 at 1.

**2.     Defendant's Response**

On March 5, 2012, defendant filed a motion to permit filing of a late response. Doc. Ent. 12. Attached to this motion is a February 14, 2012 letter from WCCCD to plaintiff, noting in part that "[t]he Grade Appeal Committee met on February 3, 2012 and reviewed all the supporting documentation. The decision of the Committee is to sustain the grade of an 'E'." The letter also noted that an appeal must be made in writing within 10 days. Doc. Ent. 12-1. Also attached to this motion is defendant's proposed response. Doc. Ent. 12-2.

On March 22, 2012, I entered an order (Doc. Ent. 13) granting defendant's motion to file a late response (Doc. Ent. 12). My order also directed plaintiff to file a reply on or before April 30, 2012. Doc. Ent. 13.

On March 22, 2012, defendant filed its brief in response. Doc. Ent. 14.[1] Therein, defendant WCCCD acknowledged the February 14, 2012 letter and noted that "[t]he time for Plaintiff to appeal the decision of the Grade Appeal Committee expired on February 24, 2012." According to WCCCD, plaintiff "did not submit an appeal to Defendant's Executive Vice-Chancellor. Therefore, she has exhausted her administrative remedies." Doc. Ent. 14 at 2 ¶ 3. Thus, defendant WCCCD sought an order requiring plaintiff to, within ten(10) days, choose one of the following avenues:

(a)     Plaintiff may elect to proceed with this case. In the event Plaintiff elects
         to proceed with this case, Defendant respectfully requests that the
         Magistrate Judge grant Defendant's Motion for Judgment on the Pleadings
         ("Defendant's Motion"), to which Plaintiff has not filed a response; or.

---

[1]Attached to the response is a copy of WCCCD's February 14, 2012 letter to plaintiff (Doc. Ent. 14-1) and a copy of *Yetman v. CSX Transportation, Inc.*, No. 1:08-cv-1130, 2009 U.S. Dist. LEXIS 2372 (W.D. Mich. Jan. 6, 2009) (Doc. Ent. 14-2).

(b)   Plaintiff may elect a dismissal with prejudice. In the event Plaintiff elects a dismissal with prejudice, this case would then be closed.

Doc. Ent. 14 at 1-3 ¶ 4. Additionally, in the event the Court grants plaintiff's motion and dismisses the case without prejudice, defendant WCCCD requests that the Court conditionally grant the motion. Meaning, "Defendant requests that the Court issue an Order which provides that – in the event Plaintiff re-files this lawsuit, or a lawsuit arising out of the same or substantially the same facts, or asserting the same claims or substantially the same claims – in federal or state court, Plaintiff must pay Defendant its attorney fees incurred to defend this litigation." Doc. Ent. 14 at 3 ¶ 5 (citing *Yetman* and Fed. R. Civ. P. 41(a)(2)).

In sum, defendant WCCCD requests that the Court deny plaintiff's motion and enter the order requested. Doc. Ent. 14 at 3.

**3.   Plaintiff's Reply**

On May 1, 2012, I entered a stipulated order (Doc. Ent. 17) extending the date for filing plaintiff's reply to defendant's brief in response (Doc. Ent. 14) to plaintiff's motion to dismiss complaint (Doc. Ent. 11) to Tuesday, May 8, 2012.

On May 8, 2012, plaintiff, by counsel, filed a response in which she denies having exhausted her internal administrative remedies. Doc. Ent. 18 ¶¶ 3, 5. Specifically, plaintiff represented that her February 24, 2012 appeal[2] was pending and that she had not yet received a decision. Plaintiff further states that "her appeal may have been late or delayed[;] however[,] she has neither received an acknowledgment or decision." Doc. Ent. 18 at 2 ¶ 3.

---

[2]Attached to this response is a two-page February 24, 2012 letter from plaintiff to appeal the Grade Appeal Committee's decision. Doc. Ent. 18-1.

In the end, plaintiff requests that the Court permit her twenty-one (21) days to respond to Defendant's December 5, 2011 Motion for Judgment on the Pleadings (Doc. Ent. 6).  Doc. Ent. 18 at 3.

**4.      Defendant's Sur-reply**

On May 14, 2012, defendant filed a motion to permit filing of a reply brief.  Doc. Ent. 19 at 1-4.  Attached to this motion is defendant WCCCD's proposed reply (Doc Ent. 19-1 at 1-4).  Therein, defendant WCCCD asserts that "the alleged appeal letter submitted by Plaintiff Simmons to this Court is fraudulent as she unquestionably falsified the document before submitting it."  Doc .Ent. 19-1 at 1.  Defendant surmises that plaintiff "change[d] the date on her appeal letter from February 26 to 24 to make it appear to this Court that the appeal was submitted timely[,]" and "[s]he then provided the fraudulent and falsified letter to her attorney who unknowingly submitted it to the Court in support of Plaintiff's Response."  Furthermore, defendant WCCCD points out, plaintiff's May 8, 2012 representation that she had not received an acknowledgment of or a decision regarding her appeal (Doc. Ent. 18 at 2 ¶ 3(b)) is at odds with the March 19, 2012 decision of WCCCD Executive Vice Chancellor John Bolden.  Doc. Ent. 19-1 at 2.

Also attached to the motion are the May 11, 2012 affidavit of Derek T. Johnson, WCCCD College Counsel (Doc. Ent. 19-1 at 5-6), a February 26, 2012 two-page letter from plaintiff to appeal the Grade Appeals Committee's decision (Doc. Ent. 19-1 at 7-8) and a March 19, 2012 letter from WCCCD to plaintiff (Doc. Ent. 19-1 at 9).

The Court should grant defendant's May 14, 2012 motion to permit filing of a reply brief (Doc. Ent. 19) and recognize the sur-reply (Doc. Ent. 19-1) in its determination of plaintiff's January 31, 2012 motion to voluntarily dismiss complaint without prejudice (Doc. Ent. 11).

**5.     Conclusion**

Upon consideration, the Court should deem moot plaintiff's January 31, 2012 motion to voluntarily dismiss complaint without prejudice (Doc. Ent. 11).  The internal administrative remedy process upon which her motion was based has taken its course, and, whatever the claims may be about the true date of plaintiff's written appeal - February 24, 2012 or February 26, 2012, the appeal was addressed on its merits.  As the March 19, 2012 letter from John Bolden, WCCCD Executive Vice Chancellor, specifically states:

> Your grade appeal documents were submitted to my office after the deadline date specified in the letter you received from Ms. Karen Jackson, dated February 14, 2012.  *However, your case has been considered.*
>
> After careful scrutiny of documents related to this issue and a review of the grade appeal process and procedures, I am sustaining the committee's decision.  This is the last step of the appeals process.

Doc. Ent. 19-1 at 9 (emphasis added).  Indeed, defendant WCCCD's May 14, 2012 proposed sur-reply (1) proposes that plaintiff has exhausted her appeal process - by submitting an untimely appeal and/or based upon the March 19, 2012 letter - and that the Court should not grant plaintiff's motion to voluntarily dismiss complaint without prejudice (Doc. Ent. 11), Doc. Ent. 19-1 at 2; and (2) requests that the Court "[d]eny Plaintiff's Motion to Voluntarily Dismiss Without Prejudice because Plaintiff has exhausted the College grade appeal process and, therefore, Plaintiff no longer needs time to exhaust the appeal process[,]" Doc. Ent. 19-1 at 3 ¶ 1.

If the Court agrees with my recommendation that plaintiff's January 31, 2012 motion to voluntarily dismiss complaint without prejudice (Doc. Ent. 11) is moot, then it need not address defendant's May 14, 2012 assertion that "[t]he Court should sanction Plaintiff for submitting the fraudulent and falsified appeal letter pursuant to Fed. R. Civ. P. 11(c)(3)." Doc. Ent. 19-1 at 2, 3.  However, plaintiff should be cautioned that her representations to the Court must be in accordance with Fed. R. Civ. P. 11(b) ("Representations to the Court.") and that "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."  Fed. R. Civ. P. 11(c)(3) ("*On the Court's Initiative*.").

Furthermore, the Court need not address defendant WCCCD's May 14, 2012 request (Doc. Ent. 19-1 at 2-3) to deny plaintiff's May 8, 2012 request (Doc. Ent. 18 at 6) for an extension of time within which to respond to defendant's December 5, 2011 motion for judgment on the pleadings (Doc. Ent. 6).  On May 15, 2012 - the day after defendant WCCCD filed its request and the day after my May 14, 2012 status conference - I entered a scheduling order (Doc. Ent. 20) providing plaintiff up to and including May 29, 2012 by which to file a response to defendant WCCCD's motion for judgment on the pleadings (Doc. Ent. 6).

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United*

*States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J .Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 7/13/12

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on July 13, 2012.
>
>                           s/Eddrey Butts<br>
>                           Case Manager