UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,                                                         Civil Action No. 11-CV-14936

vs.                                                                HON. BERNARD A. FRIEDMAN

WAYNE COUNTY COMMUNITY
COLLEGE DISTRICT,

    Defendant.

_____/

## ORDER ACCEPTING MAGISTRATE JUDGE KOMIVES' REPORT AND RECOMMENDATION

This matter is presently before the court on defendant's motion for judgment on the pleadings [docket entry 6] and plaintiff's motion for leave to amend the complaint [docket entry 21]. Magistrate Judge Paul J. Komives has issued a Report and Recommendation ("R&R") [docket entry 28] in which he recommends that defendant's motion be granted and that plaintiff's motion be decided after defendant's motion is decided. Plaintiff has filed objections[1] to the R&R and defendant has responded to plaintiff's objections. Pursuant to Fed. R. Civ. P. 72(b)(3), the court reviews *de novo* those portions of the R&R to which proper objection has been made.

The facts of the case have been summarized exhaustively in the magistrate judge's R&R and need not be recounted here. It suffices to say that plaintiff is, or was, a nursing student at Wayne County Community College ("WCCC") and that she believes her due process rights were violated when college officials, among other things, gave her a failing grade in a class, placed her on probation, physically removed her from a clinical class after placing her on probation, and

---

[1] Plaintiff's objections are single-spaced. In the future, plaintiff should abide by the formatting requirements of E.D. Mich. LR 5.1(a)(2).

required her to attend a mentoring program.

As the magistrate judge correctly concludes, defendant is entitled to judgment on the pleadings as to the original complaint because plaintiff does not allege in that complaint that defendants deprived her of a property interest. Significantly, the original complaint alleges that "Plaintiff . . . is enrolled in the Nursing Program . . . ." Compl. ¶ 3. By contrast, in the proposed[2] first amended complaint plaintiff alleges that a college official put her on probation pending satisfactory completion of the mentoring program, and that plaintiff was then "denied enrollment in the required mentoring course" and then "constructively expelled or removed from the WCCCD Nursing Program." Proposed First Am. Compl. ¶ 13, 14, 18, 21(a). If in fact plaintiff has been removed from the nursing program, as opposed to simply being placed on probation, this may constitute a property deprivation under *Ewing v. Bd. of Regents of the Univ. of Mich.*, 474 U.S. 214 (1985). Whether plaintiff was deprived of such an interest without due process is a separate issue. However, the allegation that defendant required plaintiff to participate in the mentoring program as a condition for readmittance but then "denied [her] enrollment" in the program is, like plaintiff being "expelled or removed" from the nursing program altogether, significant additional information that does not appear in the original complaint and may change the analysis of plaintiff's § 1983 claim.

The R&R also recommends that the court grant defendant's motion as to plaintiff's "state law breach of contract claim." R&R at 26. The court does not construe plaintiff's original complaint as pleading, or attempting to plead, such a claim. It appears that the references in the

---

[2] Although plaintiff has filed her proposed first amended complaint [docket entry 23], she did so before the court ruled on her motion for leave to amend [docket entry 21], and that motion is still pending. As it is a nondispositive matter, it is referred to Magistrate Judge Komives for hearing and determination, not report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A); E.D. Mich. LR 7.1(e)(2)(A).

original complaint to defendant's "published Rules and Procedures," "the written procedures of the Student Handbook or Nursing Program Handbook," "the Student Code of Conduct," "the Nursing Student Handbook," "the published procedures," etc., *see* Compl. ¶¶ 1, 5, 7, 9, 14b, 14c, are intended to support her constitutional claim that defendant violated her due process rights by not abiding by its own procedures.  The complaint cannot reasonably be construed as asserting a breach of contract claim.  Additionally, the matter is moot because the proposed amended complaint clearly does not assert such a claim.  Nonetheless, the court agrees with the magistrate judge that defendant is entitled to judgment on the pleadings if plaintiff meant to assert a breach of contract claim.  Accordingly,

IT IS ORDERED that Magistrate Judge Komives' R&R is accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that defendant's motion for judgment on the pleadings is granted as to the original complaint.

                                                    S/Bernard A. Friedman_____
                                                    BERNARD A. FRIEDMAN
                                                    SENIOR UNITED STATES DISTRICT JUDGE

Dated:  August 16, 2012
       Detroit, Michigan