UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

      Plaintiff,

                            CASE NO. 2:11-CV-14936
v.                        JUDGE BERNARD A. FRIEDMAN
                            MAGISTRATE JUDGE PAUL KOMIVES

WAYNE COUNTY COMMUNITY
COLLEGE DISTRICT,

      Defendant.
                            /

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT (docket #54)**

I.      RECOMMENDATION: The Court should grant defendant's motion to dismiss.

II.     REPORT:

A.     *Procedural Background*

Plaintiff Latausha Simmons commenced this action on October 26, 2011, in Wayne County Circuit Court, against defendant Wayne County Community College District (WCCCD). Defendant removed the case to this Court on November 9, 2011. Plaintiff's claims arise from her participation in, and termination from, defendant's Nursing Program. On March 13, 2013, after extensive proceedings on various aspects of the case, including a grant of defendant's motion for judgment on the pleadings, I granted in part and denied in part plaintiff's motion to amend the complaint. Specifically, I denied plaintiff's motion with respect to her asserted claims of: (1) false imprisonment against both defendant and newly proposed individual defendants; (2) First Amendment retaliation; (3) violation of substantive due process by depriving her of her interest in the credit hours she had accumulated; and (4) breach of contract. I granted plaintiff's motion with

respect to her purported procedural due process claim, reasoning that her proposed First Amended Complaint arguably stated a procedural due process claim. Following my Order, plaintiff's counsel withdrew, and new counsel filed an appearance on plaintiff's behalf. Plaintiff, through new counsel, filed her Second Amended Complaint on June 11, 2013. Plaintiff's amended complaint adds as defendants Dean of Nursing Clarissa Shavers, Chief Academic Officer Andrea Juarez, Assistant Dean of Nursing Doressa Lewis, and Clinical Instructor Willa Wofford. Plaintiff alleges that defendant violated her right to due process of law by removing her from the Nursing Program, converting her disciplinary action to an academic failure, and denying her enrollment into the mentoring program arbitrarily and capriciously, and in bad faith.

The matter is currently before the Court on defendant WCCCD's motion to dismiss the Second Amended Complaint, filed on June 20, 2013. Defendant argues that plaintiff's amended complaint fails to assert a plausible claim that she was deprived of her property interest in continued enrollment in violation of her procedural due process rights. Alternatively, defendant argues that plaintiff's failure to comply with my order that her she set forth her procedural due process claim "as articulated in her proposed amended complaint." Plaintiff filed a response to the motion on August 5, 2013, and defendant filed a reply on August 20, 2013.

B.  *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases

his claim. *Id*. at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47. However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
> 
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557 (brackets omitted).
> 
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

> "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) (parallel citations omitted). "[B]are assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," are "not entitled to be assumed true" and are therefore insufficient to survive a motion to dismiss. *Id*. at 680-81 (quoting *Twombly*, 550 U.S. at 555).

A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).

C.   *Analysis*

Plaintiff's only remaining claim before this Court is her claim that she was denied her procedural due process rights by her termination from the Nursing Program. As the Supreme Court has recognized, the Due Process Clause protects "both substantive and procedural rights." *Albright v. Oliver*, 510 U.S. 266, 277 (1994) (plurality op.). "So called 'substantive due process' prevents the government from engaging in conduct that 'shocks the conscience,' or interferes with rights 'implicit in the concept of ordered liberty.' When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner. This requirement has traditionally been referred to as 'procedural' due process." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (citations omitted). In asserting a procedural due

process claim, as with a substantive due process claim, a plaintiff must first show that the defendant's actions deprived her of a liberty or property right protected by the Due Process Clause. *See Board of Regents v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."); *Sullivan v. Brown*, 544 F.2d 279, 282 (6th Cir. 1976) (citing *Bishop v. Wood*, 426 U.S. 341, 349 n.1 (1976)) ("Without a 'property' or 'liberty' interest protected by the due process clause, plaintiff would have no federally protected right[.]"). For purposes of its motion, defendant assumes that plaintiff has sufficiently allegedly a property interest in her continued enrollment, based on the Supreme Court's similar assumption in *Regents of the Univ. of Mich. v. Ewing*, 474 U.S. 214 (1985).

If the plaintiff shows that she was deprived of a protected liberty or property interest, the Court proceeds to the second step of the due process analysis, asking "whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curiam). What process is "due" with respect to a particular deprivation depends upon the circumstances of the case. "'[D]ue process" is a flexible concept–. . . the processes required by the Clause with respect to the termination of a protected interest will vary depending upon the importance attached to the interest and the particular circumstances under which the deprivation may occur." *Walters v. National Ass'n of Radiation Survivors*, 473 U.S. 305, 320 (1973); *accord Moyer v. Peabody*, 212 U.S. 78, 84-85 (1909) ("[I]t is familiar that what is due process of law depends on circumstances. It varies with the subject-matter and the necessities of the situation."); *Seal v. Morgan*, 229 F.3d 567, 574 (6th Cir. 2000) (noting that "[t]he answer to the question of what process is due depends on appropriate accommodation of the competing interests involved") (internal

quotation marks and citation omitted). In cases of academic dismissal from a state institution of higher education, only minimal procedures are required. As the Sixth Circuit has explained:

> [W]hen the student has been fully informed of the faculty's dissatisfaction with the student's academic progress and when the decision to dismiss was careful and deliberate, the Fourteenth Amendment's procedural due process requirement has been met. No formal hearing is required for academic decisions because such academic decisions "require[ ] an expert evaluation of cumulative information and [are] not readily adapted to the procedural tools of judicial or administrative decisionmaking."

*Ku v. Tennessee*, 322 F.3d 431, 436 (6th Cir. 2003) (quoting *Board of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 90 (1978)) (citation omitted); *see also*, *Rogers v. Tennessee Bd. of Regents*, 273 Fed. Appx. 458, 462 (6th Cir. 2008); *Amaechi v. University of Ky.*, 118 Fed. Appx. 32, 33 (6th Cir. 2004) (per curiam) ("[D]ismissal of a student for academic reasons comports with the requirement of due process if the school has fully informed the student of the faculty's dissatisfaction with his or her performance and of the risk that the deficiencies pose to continued enrollment, and if the ultimate decision to dismiss is made carefully and with deliberation."). Under this standard, therefore, the question is whether plaintiff's complaint alleges sufficient facts which, if true, plausibly show that either she was not fully informed of defendant's dissatisfaction with her performance or that her removal from the Nursing Program was not made carefully and with deliberation.

After applying this standard, the Court should conclude that plaintiff's Second Amended Complaint fails to state a claim that her procedural due process rights were violated. Plaintiff alleges that she was notified by Wofford on September 16, 2011, that she was being placed on clinical probation. At that time, she was given a letter listing six reasons for this decision. *See* 2d

Amended Compl., ¶10 & Ex. 1.[1] Plaintiff further alleges that she was brought before the Mediation Committee, which determined that plaintiff had breached the code of conduct and that removal from the Nursing Program was warranted. *See id.*, ¶ 18-19, 30-31 & Ex. 2. Plaintiff appealed her removal on October 1, 2011. *See id.*, ¶ 33 & Ex. 3. As a result of that appeal, Juarez informed plaintiff on October 10 that it had been decided that she could continue in the Nursing Program, but that she would receive a failing grade in the clinical course. In order to continue with the Nursing Program, Juarez informed plaintiff, she would be placed on probation and be required to complete a mentoring program. *See id.*, ¶¶ 34-36 & Ex. 4. Plaintiff further appealed the grade determination. *See id.* ¶ 37 & Exs. 5-6. These allegations establish that plaintiff was fully informed of the individual defendants' dissatisfaction with her work, and that the decision made by them was careful and deliberate. By plaintiff's own admission, the decision to terminate her was the culmination of several meetings and appeals not themselves required as a matter of due process. This process shows defendants' decision to have been careful and deliberate. *See Yoder v. University of*

---

[1] As noted above, ordinarily in resolving a motion to dismiss the Court is limited to the allegations of the complaint. However, Rule 10 provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." FED. R. CIV. P. 10(c). Thus, the Court may consider the exhibits attached to plaintiff's complaint in deciding whether the complaint states a claim upon which relief may be granted. *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (in deciding a motion to dismiss, the court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."); *Realtek Indus., Inc. v. Nomura Secs.*, 939 F. Supp. 572, 575 n.1 (N.D. Ohio 1996). Further, "[a] court may consider a document that is not formally incorporated by reference or attached to a complaint if the document is referred to in the complaint and is central to the plaintiff's claim" without converting the motion to dismiss into one for summary judgment. *Welch v. Decision One*, No. 12-10045, 2012 WL 4008730, at *2 (June 25, 2012) (Randon, M.J.) (citing *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)), *magistrate judge's report adopted*, 2012 WL 4020976 (E.D. Mich. Sept. 12, 2012) (Rosen, J.); *see also*, *Nixon v. Wilmington Trust Co.*, 543 F.3d 354, 357 n.2 (6th Cir. 2008). Here, plaintiff attached various exhibits to her initial Complaint, and explicitly incorporates them in her Second Amended Complaint by citing to them in support of her allegations. Thus, they may be relied upon in ruling on defendant's motion to dismiss.

*Louisville*, 526 Fed. Appx. 537, 550-51 (6th Cir. 2013); *Rogers*, 273 Fed. Appx. at 463. Plaintiff's "pleaded facts do not support an allegation that the dismissal process was neither careful nor deliberate." *Hlavacek v. Boyle*, No. 10–87–GPM, 2010 WL 5093935, at * (S.D. Ill. Dec. 7, 2010).

Plaintiff attempts to overcome this conclusion by arguing that the initial decision to remove her from the Nursing Program was a disciplinary decision, and was converted to an academic decision by Juarez after the fact. Plaintiff argues that because the Due Process Clause requires more procedural protections in the disciplinary context than in the academic context, *see Flaim v. Medical College of Ohio*, 418 F.3d 629, 634 (6th Cir. 2005), her dismissal from the program for disciplinary reasons was done without affording her due process of law. This argument is without merit, because plaintiff's allegations fail to state a plausible claim that her removal from the program was anything other than an academic decision. The initial letter from Wofford informed plaintiff that there were several issues that needed to be addressed by plaintiff "to successfully meet the objectives of the Medical Surgical II (NUR 116) Course." Compl., Ex. 1. These included "[i]nability to properly assess and manage the total care of the assigned patient;" "[d]emonstrating disruptive behavior in the clinical setting;" "[a]pplying critical thinking skills when providing care;" and "applying knowledge from nursing and general education courses when planning patient care." They also included two more general concerns of "[i]nappropriate communication skills with faculty . . . and peers" and "[n]ot [being] properly prepared and organized for clinical." *Id*. While the Mediation Committee made findings of what appear to be disciplinary infractions, the Committee's findings also noted that "[t]he Clinical Probation was a result of several documented faculty and student concerns related to the lack of clinical skill, lack of critical thinking, inappropriate communication, disruptive behavior and overall lack of preparedness for the clinical setting." *Id*., Ex. 2. Defendant

8

Juarez did not "convert" a disciplinary decision into an academic one, but rather informed plaintiff that instead of being dismissed from the program she would merely receive a failing grade in the course because she "failed to meet all the objectives in the clinical portion of NUR 116." *Id*., Ex. 4. These determinations all focus on the academic requirements of the clinical course.

Further, as defendants rightly point out, given the clinical nature of the Nursing Program and the course at issue, there is not a clear demarcation between "academic" and "disciplinary" actions. The mere fact that faculty base their decision on a student's conduct rather than test results is insufficient to establish that the decision was disciplinary rather than academic. Rather, the cases that have addressed this issue coalesce into the general rule that "[a]n academic dismissal is where a student's scholarship *or conduct* reflects on the personal qualities necessary to succeed in the field in which he or she is studying, and can be based on an at least partially subjective appraisal of those qualities." *Allahverdi v. Regents of the Univ. of N.M.*, No. Civ 05-277, 2006 WL 1313807, at *20 (D.N.M. Apr. 25, 2006) (emphasis added) (citing *Horowitz*, 435 U.S. at 91 n. 6; *Fenje v. Feld*, 398 F.3d 620, 625 (7th Cir. 2005); *Hennessy v. City of Melrose*, 194 F.3d 237, 242-43, 251 (1st Cir. 1999); *Firester v. Board of Governors of Wayne State Univ.*, No. 89-1772, 1990 WL 99493, at *2-*3 (6th Cir. July 18, 1990)), *discussed with approval by Fuller v. Schoolcraft College*, 909 F. Supp. 2d 862, 875 (E.D. Mich. 2012) (Murphy, J., adopting report of Michelson, M.J.); *see also*, *Yoder*, 526 Fed. Appx. at 550 ("Courts have frequently held that an academic dismissal may be properly based on more than simply grades, particularly in the medical-professional context."); *Ku*, 322 F.3d at 436 ("Academic evaluations are not limited to considerations of raw grades or other objective criteria."). Thus, solely in the context of medical education such as medical school, nursing programs, and psychology programs, the courts have found dismissals on the following grounds to be academic

rather than disciplinary:

>•personal hygiene and timeliness, *see Horowitz*, 435 U.S. at 91 n.6;
>•proper attitudes toward patients, *see Firester*, 1990 WL 99493, at *3;
>•failure to disclose on application for residency program previous dismissal from another program, *see Fenje*, 398 F.3d at 625;
>•lack of attendance, *see Harris v. Blake*, 798 F.2d 419, 423 (10th Cir. 1986);
>•tardiness and missed appointments with patients, *see Davis v. Mann*, 882 F.2d 967, 969 (5th Cir. 1989);
>•failure of the student to address her mental health issues, *see Shaboon v. Duncan*, 252 F.3d 722, 731 (5th Cir. 2001);
>•"inappropriate behavior during class, lack of preparation, tardiness and absenteeism, and inappropriate interaction with instructors," *Richmond v. Fowlkes*, 228 F.3d 854, 858 (8th Cir. 2000); *see also*, *Halverson v. University of Utah Sch. of Medicine*, No. 2:06CV228, 2007 WL 2892633, at *12 (D. Utah Sept. 28, 2007);
>•"unprofessional conduct" and "inability to interact with others in a basic professional manner," *Ku*, 322 F.3d at 435-36;
>•lack of candor about criminal history, *see Fuller*, 909 F. Supp. 2d at 876;
>•failure to abide by drug treatment program, *see Mathai v. Board of Supervisors of La. State Univ. & Agricultural & Mechanical College*, No. 12-2778, 2013 WL 3776580, at *7 (E.D. La. July 17, 2013); and
>•failure to comply with confidentiality agreement, *see Yoder*, 526 Fed. Appx. at 550-51; *Stevenson v. Owen State Community College*, 562 F. Supp. 2d 965, 971 (N.D. Ohio 2008).

In light of these cases, plaintiff's Second Amended Complaint fails to allege a plausible claim that her dismissal was not academic.

Finally, plaintiff contends that she was denied due process when she was denied re-admittance into the Nursing Program pending completion of the mentoring program. However, plaintiff cites no authority, and I have found none, suggesting that a student is entitled to any reinstatement procedures as a matter of procedural due process. Because defendants' initial decision provided plaintiff all the procedure she was due, she has no claim based on defendants' failure to allow her to participate in the mentoring program or be readmitted to the Nursing Program.

D.      *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff's complaint fails to state

a claim that her procedural due process rights were violated. Accordingly, the Court should grant defendant WCCCD's motion to dismiss.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Date: February 7, 2014                                         s/Paul J. Komives
                                                               PAUL J. KOMIVES
                                                               UNITED STATES MAGISTRATE JUDGE

11

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 7, 2014.

s/ Kay Doaks
Case Manager